William R. **ALCARAZ**, Plaintiff,

v.

**AVNET, INC.,** Steve Church, Jeff Bawol, and Beth Ely, Defendants.

No. Civ. 95–1535 SC/DJS.

United States District Court,
D. New Mexico.

May 8, 1996.

Peter J. Adang, Albuquerque, New Mexico, for Plaintiff.

Virginia Anderman, Alison I. Arias, Miller, Stratvert, Torgerson & Schlenker, Albuquerque, New Mexico; Julie Arias Young, Paul, Hastings, Janofsky & Walker, Santa Monica, California, for Defendant Avnet.

## MEMORANDUM OPINION AND ORDER

CAMPOS, District Judge.

THIS MATTER comes before the Court on Defendant Avnet Inc.'s Petition to Compel Arbitration and Motion to Stay, filed March 15, 1996, and Plaintiff's Motion to Strike Affidavit, filed April 18, 1996. The Court, having read the motions and memoranda, and being apprised of the applicable law, finds that the motion to compel is not well taken, and the motion to strike is moot. I shall deny both motions for the reasons set forth below.

## I. BACKGROUND

This is a civil rights action involving claims for national origin, age, and sex discrimination, brought pursuant to Title VII, 42 U.S.C. §§ 2000e—2000e–17, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634.[1] Defendant Avnet Inc. ("Avnet") has moved for an order compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16. Avnet has also moved for an order staying this action in its entirety pending the outcome of arbitration. Plaintiff moves to strike an affidavit that was filed by Avnet in connection with the motion to compel.

## II. AVNET'S PETITION TO COMPEL ARBITRATION

On or about June 10, 1986, Plaintiff and Avnet entered into a written arbitration agreement ("the Agreement").[2] A portion of the Agreement is entitled "Consent to Arbitration" and reads as follows:

> I recognize that during the course of my employment differences can arise between the Company and me. To that end, the Company and I consent to the settlement by arbitration of any controversy or claim arising out of or relating to my employment or the termination of my employment.... The arbitrator is authorized to award damages for breach of contract only, and shall have no authority whatsoever to make an award of other damages.

Avnet argues that all of the claims contained in Plaintiff's Complaint arise out of his em-

---

1. According to Plaintiff, his claims arise under both Title VII and the ADEA. However, I note that Plaintiff's First Amended Complaint states that his age discrimination claim arises under Title VII, obviously an oversight of Plaintiff's counsel. I mention this so that the parties can resolve the discrepancy in the pre-trial order.

2. Plaintiff claims that he has never seen the original arbitration agreement and that he does not remember signing it. He claims that in the past, Avnet has forged his signature on a company document; therefore, he is hesitant to concede to the authenticity of his signature on the Agreement. For purposes of the motion to compel, however, I will assume that Plaintiff did, in fact, sign the Agreement.

ployment and that, therefore, they fall within the scope of the Agreement.

Plaintiff advances several arguments in favor of his position that this case is not subject to arbitration. First, Plaintiff argues that the foreign commerce exclusion of the Federal Arbitration Act precludes application of the FAA to this case. Next, Plaintiff argues that the Agreement is void and unenforceable as against public policy. Plaintiff also argues that Avnet has waived the right to compel arbitration. Finally, Plaintiff argues that even if the Agreement is enforceable and the FAA applies, he can only be compelled to arbitrate against Defendant Avnet, but not against the individual Defendants.

### A. The Federal Arbitration Act

■ Congress' purpose in enacting the FAA was "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26 (1991). The Act states that in transactions involving commerce, an agreement to settle disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements...." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Thus, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24–25, 103 S.Ct. at 941. Before a federal district judge may stay proceedings, s/he must be satisfied that the issue involved in the suit is referable to arbitration under the agreement between the parties. 9 U.S.C. § 3.

### B. Does the Agreement Apply to Plaintiff's Claims?

■ Statutory claims may be referred to arbitration pursuant to the FAA. *Gilmer,* 500 U.S. at 26, 111 S.Ct. at 1652. More specifically, Title VII and age discrimination claims are subject to mandatory arbitration. *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1487 (10th Cir. 1994). Despite the well-established law which holds that federal statutory claims are arbitrable, Plaintiff argues that the terms of the specific arbitration agreement at issue here preclude referral of his lawsuit to arbitration. I agree.

■ "[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). *See also DiCrisci v. Lyndon Guar. Bank of NY*, 807 F.Supp. 947, 950 (W.D.N.Y. 1992) (the first two factors a court should consider when deciding a motion to compel arbitration are: 1) whether there is an arbitration agreement; and 2) the scope of the agreement). As noted above, for purposes of deciding this motion, I will assume that the parties entered into an arbitration agreement; therefore, I must determine the scope of that Agreement. As in any contract case, the parties' intent is controlling with regard to whether they agreed to arbitrate a particular dispute, and determining intent is a question of law for the court. *Armijo v. Prudential Ins. Co.*, 72 F.3d 793, 797 (10th Cir.1995) (citing *Mitsubishi*, 473 U.S. at 626, 105 S.Ct. at 3353).

■ As stated above, the Agreement entered into by the parties contains the following language: "The arbitrator is authorized to award damages for breach of contract only, and shall have no authority whatsoever to make an award of other damages." As noted by the *Mitsubishi* court, "[n]othing ... prevents a party from excluding statutory claims from the scope of an agreement to arbitrate." *Mitsubishi*, 473 U.S. at 628, 105 S.Ct. at 3355. By including the above language in the Agreement, Avnet has done just that. If, by the terms of the Agreement, the arbitrator has no authority to award any damages under Title VII or the ADEA, then the parties did not intend to submit Title VII or ADEA claims to arbitration. An employ-

ee can only be required to arbitrate federal employment discrimination claims if s/he has contracted to do so. *Armijo*, 72 F.3d at 797 (citing *Gilmer*, 500 U.S. at 35, 111 S.Ct. at 1656–57).

Avnet argues that the limitation of remedies provision of the Agreement should have no bearing on whether Plaintiff's claims are arbitrable. On this point, Avnet relies heavily on *DeGaetano v. Smith Barney, Inc.*, 70 Fair Empl.Prac.Cas. (BNA) 401, 1996 WL 44226 (not published in F.Supp.) (S.D.N.Y. 1996). First of all, stating the obvious, *DeGaetano* is not binding on this court. Secondly, *DeGaetano* is distinguishable from the case at bar in several significant respects. The employment agreement in *DeGaetano* specifically stated that Title VII claims were arbitrable.[3] Moreover, the limitation of remedies provision in the *DeGaetano* agreement only precluded an arbitrator from awarding punitive damages and attorneys' fees. The Agreement at issue here precludes an arbitrator from awarding *any* kind of damages other than contract damages. For these reasons, *DeGaetano* is simply not persuasive.

Avnet further argues that claims similar to Plaintiff's have already been referred to arbitration by other courts pursuant to agreements identical to the one at issue here. I find this argument to be disingenuous. Avnet would have this court believe that Title VII and ADEA claims have been held arbitrable under the same agreement. An examination of Avnet's exhibits in support of this argument, however, reveals that state contract and tort claims have been submitted to arbitration pursuant to these identical agreements. Federal employment discrimination claims arising under Title VII and ADEA were not referred to arbitration. Thus, this argument is unpersuasive, as well.

Clearly, an agreement to arbitrate statutory claims is enforceable under the FAA. I am aware of my duties to construe arbitration clauses broadly and to resolve doubts in favor of arbitration. I believe my decision today squares with these duties. The language in the Agreement is explicit and unambiguous, and it leads me to conclude that the

parties did not intend to submit federal employment discrimination claims to arbitration. I cannot compel arbitration of a dispute where no agreement to arbitrate that dispute exists, even with the strong federal policy favoring arbitration. Avnet's motion will be denied. Because I am denying the motion on the above basis, I need not address Plaintiff's numerous other arguments urging me to deny the motion.

### III. PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT

Avnet filed an affidavit in support of its motion to compel arbitration. Plaintiff moved the court to strike that affidavit. Because I am denying Avnet's motion, Plaintiff's motion is now moot.

**NOW, THEREFORE, IT IS ORDERED** that Defendant Avnet's Petition to Compel Arbitration and Motion to Stay [doc. # 13], filed March 15, 1996, should be, and hereby is DENIED;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Affidavit [doc. # 18], filed April 18, 1996, should be, and hereby is, DENIED AS MOOT.

---

**3.** In noting this, I am in no way insinuating that an agreement to arbitrate must specifically list which kinds of statutory claims are arbitrable in order to be enforced.